**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC., ARBOR PHARMACEUTICALS, LLC, and TAKEDA PHARMACEUTICAL COMPANY LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> SABA ILAC SANAYII VE TICARET AS, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Azurity Pharmaceuticals, Inc., Arbor Pharmaceuticals, LLC (together with Azurity Pharmaceuticals, Inc., "Azurity"), and Takeda Pharmaceutical Company Limited ("Takeda") (collectively, "Plaintiffs"), by and through their attorneys, bring this Complaint for Patent Infringement against Defendant Saba Ilac Sanayi ve Ticaret AS ("Defendant"), and allege as follows:

**THE PARTIES**

1. Azurity Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 8 Cabot Road, Suite 2000, Woburn, MA 01801.

2. Arbor Pharmaceuticals, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 6 Concourse Parkway, Suite 1800, Atlanta, GA 30328.

3. Takeda is a corporation organized and existing under the laws of Japan, having a principal place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka, Japan.

4. Upon information and belief, Defendant is a corporation organized and existing under the laws of Turkey, having a principal place of business at Merkez Mah. Basin Ekspres Cad. No: 1, Kucukcekmece, Istanbul, Turkey, 34303.

5. Upon information and belief, Defendant plans to develop, manufacture, market, sell, distribute, and/or import generic pharmaceutical versions of Plaintiffs' patented products throughout the United States, including in this Judicial District.

## NATURE OF THE ACTION

6. This is a civil action for infringement of United States Patent Nos. 9,066,936 (the "'936 Patent"), 9,169,238 (the "'238 Patent"), and 9,387,249 (the "'249 Patent") (collectively, the "Patents-in-Suit"). This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendant at least because Defendant has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, Defendant intends to market, sell, and/or distribute generic pharmaceutical drug products within this State and to residents of this State, including the generic drug products that are the subject of Abbreviated New Drug Application ("ANDA") No. 217111. The marketing, sale, and/or distribution of the generic drug products that are the subject of ANDA No. 217111 will lead to foreseeable harm and injury to Plaintiffs in this State. This Court has personal jurisdiction over

Defendant for the additional reasons set forth below and for other reasons that will be presented to the Court if jurisdiction is challenged.

9. This Court also has personal jurisdiction over Defendant by virtue of, *inter alia*, the fact that it has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement that has led to and/or will lead to foreseeable harm and injury to Plaintiffs, including Azurity Pharmaceuticals, Inc. and Arbor Pharmaceuticals, LLC, both Delaware entities.

10. This Court further has personal jurisdiction over Defendant because it has been previously sued in this Judicial District and has not challenged personal jurisdiction, and it has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in Delaware in previous suits without challenging personal jurisdiction. *E.g., Arbor Pharms., LLC et al. v. Saba Ilac Sanayi ve Ticaret AS*, C.A. No. 22-353-MN, D.I. 15 (D. Del. June 20, 2022).

11. Alternatively, should the Court find that the above facts do not establish personal jurisdiction over Defendant in this action, this Court may exercise jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Defendant is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) Defendant has sufficient contacts with the United States as a whole, including, but not limited to, submitting ANDA No. 217111 to the United States Food and Drug Administration ("FDA") with the intent to develop, manufacture, market, sell, distribute, and/or import the products that are the subject of ANDA No. 217111 throughout the United States, such that this Court's exercise of jurisdiction over Defendant satisfies due process.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## PATENTS-IN-SUIT

13. The '936 Patent, entitled "Solid Pharmaceutical Composition Comprising a Benzimidazole-7-Carboxylate Derivative and a pH Control Agent," was duly and legally issued on June 30, 2015. A true and correct copy of the '936 Patent is attached to this Complaint as Exhibit A.

14. Takeda owns the '936 Patent.

15. Azurity holds an exclusive license to the '936 Patent in the United States.

16. The '238 Patent, entitled "Solid Pharmaceutical Composition," was duly and legally issued on October 27, 2015. A true and correct copy of the '238 Patent is attached to this Complaint as Exhibit B.

17. Takeda owns the '238 Patent.

18. Azurity holds an exclusive license to the '238 Patent in the United States.

19. The '249 Patent, entitled "Methods of Treating Hypertension with at Least One Angiotensin II Receptor Blocker and Chlorthalidone," was duly and legally issued on July 12, 2016. A true and correct copy of the '249 Patent is attached to this Complaint as Exhibit C.

20. Takeda owns the '249 Patent.

21. Azurity holds an exclusive license to the '249 Patent in the United States.

## ACTS GIVING RISE TO THIS ACTION

22. Azurity owns New Drug Application ("NDA") No. 202331 for oral tablets containing 40 mg azilsartan medoxomil and 25 mg chlorthalidone, and 40 mg azilsartan medoxomil and 12.5 mg chlorthalidone, as the active ingredients. Azurity markets and sells these oral tablets in the United States under the brand name EDARBYCLOR®.

23. Pursuant to 21 U.S.C. § 355, the Patents-in-Suit are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations as covering EDARBYCLOR® or its use.

24. Upon information and belief, Defendant submitted ANDA No. 217111 to FDA under 21 U.S.C. § 355(j). Upon information and belief, Defendant's ANDA No. 217111 seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of oral tablets containing 40 mg azilsartan medoxomil and 12.5 mg chlorthalidone, and 40 mg azilsartan medoxomil and 25 mg chlorthalidone ("the ANDA Products") prior to the expiration of the Patents-in-Suit.

25. Upon information and belief, by filing ANDA No. 217111, Defendant certified to FDA that the ANDA Products have the same active ingredients as EDARBYCLOR® and the same or substantially the same proposed labeling as EDARBYCLOR®.

26. Upon information and belief, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Defendant certified in ANDA No. 217111 that the claims of the Patents-in-Suit are invalid, unenforceable, or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the ANDA Products.

27. Plaintiffs received written notification of ANDA No. 217111 and its accompanying § 505(j)(2)(A)(vii)(IV) certifications by letter dated May 20, 2025 ("Defendant's Notice Letter").

28. Defendant's Notice Letter contained an offer of confidential access ("Offer") to "certain information" (without specifying what information) in ANDA No. 217111. Defendant required that Plaintiffs accept the Offer before receiving access to any portion of ANDA No. 217111.

29.     The Offer contained unreasonable restrictions that differ materially from standard terms of protective orders entered in this jurisdiction.

30.     For example, the Offer required that any outside counsel that accessed the unspecified ANDA information never "engage, formally or informally, in . . . any FDA counseling, litigation or other work before or involving the FDA" for all time and with respect to any subject matter. Such unreasonable bars on FDA work as conditions of access to confidential information are routinely rejected by Courts. *E.g.*, *Avion Pharms., LLC v. Granules Pharms., Inc.*, C.A. No. 20-898-LPS, 2021 WL 1785580, at *3 (D. Del. May 5, 2021) (explaining "[b]ecause there is little risk of 'inadvertent' disclosure of confidential materials to the FDA, requests for regulatory bars are routinely denied in this district").

31.     As another example of similarly unreasonable restrictions, the Offer required that any outside counsel that accessed the unspecified ANDA information never "engage, formally or informally, in any patent prosecution for Arbor" for all time and with respect to any subject matter. Such unreasonable bars on patent prosecution as conditions of access to confidential information are routinely rejected by Courts. *E.g., id.* (finding proposed prosecution bar was "overbroad" and ordering it be limited, among other aspects, to specific subject matter).

32.     With respect to a different notice letter and ANDA product ("2022 ANDA Product"), Plaintiffs previously attempted to negotiate an offer of confidential access with Defendant ("2022 Offer"). Defendant's proposed terms in the 2022 Offer were nearly identical to the terms of the Offer. As is reflected in the complaint filed in response to that notice letter, Defendant refused to reasonably negotiate the unduly restrictive terms of its 2022 Offer. *Arbor Pharms., LLC et al. v. Saba Ilac Sanayi ve Ticaret AS*, C.A. No. 22-353-MN, D.I. 1 (D. Del. Mar. 18, 2022), ¶ 22 ("Saba's Notice letter contained an Offer of Confidential Access ("OCA")

to certain confidential information regarding the Saba Generic Product. Plaintiffs sent Saba a proposed markup of the OCA in an attempt to reach agreement on the terms for confidential access, but Saba rejected Plaintiffs' proposal and did not provide a counterproposal. As of the filing of this Complaint, the parties have not been able to reach an agreement.").

33. After refusing to negotiate the unreasonable terms of their own 2022 Offer, Defendant later agreed during litigation to more reasonable terms for access to information concerning Defendant's 2022 ANDA Product in a stipulated protective order. *Arbor Pharms., LLC et al. v. Saba Ilac Sanayi ve Ticaret AS*, C.A. No. 22-353-MN, D.I. 23 (D. Del. Sept. 6, 2023) ("Stipulated Order"). In particular, the Stipulated Order provided for the designation of certain information, including information in Defendant's ANDA, as OUTSIDE COUNSEL EYES ONLY. *Id.*, ¶ 4. The Order did not include the unreasonable regulatory and prosecution bars dictated in Defendant's 2022 Offer.

34. As (1) the terms of Defendant's 2022 Offer and the present Offer are nearly identical, (2) Defendant previously refused to negotiate the terms of the 2022 Offer, and (3) Defendant only allowed reasonable access to information in Defendant's 2022 ANDA after litigation commenced, any attempt to negotiate the terms of the present Offer prior to litigation would be futile.

35. To date, Defendant has not provided Plaintiffs with access to any portion of ANDA No. 217111 or any information regarding the ANDA Products, beyond the sparse and incomplete information in Defendant's Notice Letter.

36. Defendant's Notice Letter provides no information about the content of Defendant's ANDA Products. Defendant's Notice Letter does not demonstrate that the ANDA Products will not infringe at least one of the issued claims of the Patents-in-Suit.

7

37. This action was commenced within 45 days of Plaintiffs receiving Defendant's Notice Letter.

## CLAIMS FOR RELIEF

### Count I — Infringement by Defendant of U.S. Patent No. 9,066,936

38. Plaintiffs reallege paragraphs 1-37 as if fully set forth herein.

39. Defendant's submission of ANDA No. 217111 to FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '936 Patent under 35 U.S.C. § 271(e)(2)(A).

40. Upon information and belief, the commercial manufacture, use, offer for sale, sale, or import of the ANDA Products—if approved by FDA, prior to the expiration of the '936 Patent, and for use in accordance with its proposed labeling—would constitute acts of infringement of the '936 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

41. On information and belief, Defendant had actual and constructive knowledge of the '936 Patent prior to submitting ANDA No. 217111 and was aware that submission of the ANDA to FDA constituted an act of infringement of the '936 Patent.

42. On information and belief, Defendant had specific intent to infringe the '936 Patent when it filed ANDA No. 217111.

43. There are no substantial non-infringing uses for the ANDA Products other than as the pharmaceutical and the methods claimed in the '936 Patent.

44. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of approval of ANDA No. 217111 be a date that is not

earlier than the expiration of the '936 Patent, or any later expiration of any extensions or exclusivities to which Plaintiffs are or become entitled.

45. Plaintiffs will be irreparably harmed by Defendant's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

### Count II — Infringement by Defendant of U.S. Patent No. 9,169,238

46. Plaintiffs reallege paragraphs 1-45 as if fully set forth herein.

47. Defendant's submission of ANDA No. 217111 to FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '238 Patent under 35 U.S.C. § 271(e)(2)(A).

48. Upon information and belief, the commercial manufacture, use, offer for sale, sale, or import of the ANDA Products—if approved by FDA, prior to the expiration of the '238 Patent, and for use in accordance with its proposed labeling—would constitute acts of infringement of the '238 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

49. On information and belief, Defendant had actual and constructive knowledge of the '238 Patent prior to submitting ANDA No. 217111 and was aware that submission of the ANDA to FDA constituted an act of infringement of the '238 Patent.

50. On information and belief, Defendant had specific intent to infringe the '238 Patent when it filed ANDA No. 217111.

51. There are no substantial non-infringing uses for the ANDA Products other than as the pharmaceutical and the methods claimed in the '238 Patent.

52. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of approval of ANDA No. 217111 be a date that is not

earlier than the expiration of the '238 Patent, or any later expiration of extensions or exclusivities to which Plaintiffs are or become entitled.

53. Plaintiffs will be irreparably harmed by Defendant's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

### Count III — Infringement by Defendant of U.S. Patent No. 9,387,249

54. Plaintiffs reallege paragraphs 1-53 as if fully set forth herein.

55. Defendant's submission of ANDA No. 217111 to FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '249 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

56. Upon information and belief, the commercial manufacture, use, offer for sale, sale, or import of the ANDA Products—if approved by FDA, prior to the expiration of the '249 Patent, and for use in accordance with its proposed labeling—would constitute acts of infringement of the '249 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

57. On information and belief, Defendant had actual and constructive knowledge of the '249 Patent prior to submitting ANDA No. 217111 and was aware that submission of the ANDA to FDA constituted an act of infringement of the '249 Patent.

58. On information and belief, Defendant had specific intent to infringe the '249 Patent when it filed ANDA No. 217111.

59. There are no substantial non-infringing uses for the ANDA Products other than the methods claimed in the '249 Patent.

60. Separate and apart from certain contentions regarding patent validity, Defendant's Notice Letter does not identify any factual bases for, or any opinion of, noninfringement of the claims of the '249 Patent.

61. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of approval of ANDA No. 217111 be a date that is not earlier than the expiration of the '249 Patent, or any later expiration of any extensions or exclusivities to which Plaintiffs are or become entitled.

62. Plaintiffs will be irreparably harmed by Defendant's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment that:

A. Defendant has infringed one or more claims of the '936 Patent either literally or under the doctrine of equivalents;

B. Defendant has infringed one or more claims of the '238 Patent either literally or under the doctrine of equivalents;

C. Defendant has infringed one or more claims of the '249 Patent either literally or under the doctrine of equivalents;

D. Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any FDA approval of ANDA No. 217111 will not be earlier than the expiration date of the Patents-in-Suit, or any later expiration of any extensions or exclusivities to which Plaintiffs are or become entitled;

E. Pursuant to 35 U.S.C. § 271(e)(4)(B), Defendant, its directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in

privity or concert with them, be preliminarily and permanently enjoined from commercially manufacturing, using, offering to sell, selling, marketing, distributing, or importing the ANDA Products and any other product that infringes or induces or contributes to the infringement of one or more of the Patents-in-Suit, prior to the expiration of the Patents-in-Suit, including any extensions or exclusivities to which Plaintiffs are or become entitled;

F. Pursuant to 35 U.S.C. § 271(e)(4)(C), Plaintiffs be awarded monetary relief to the extent Defendant commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any product that infringes or induces or contributes to the infringement of the Patents-in-Suit within the United States prior to the expiration of the Patents-in-Suit, including any later expiration of extensions or exclusivities to which Plaintiffs are or become entitled, and that any such monetary relief be awarded to Plaintiffs with prejudgment interest;

G. A finding that the '936 Patent, the '238 Patent, and the '249 Patent are valid and enforceable;

H. A finding that this is an exceptional case under 35 U.S.C. § 285, and Plaintiffs be awarded the attorneys' fees, costs, and expenses that they incur in litigating this action; and

I. Plaintiffs be awarded such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ David E. Moore*<br>David E. Moore (#3983) |
| Wendy L. Devine | Bindu A. Palapura (#5370) |
| Kristina M. Hanson | Andrew M. Moshos (#6685) |
| WILSON SONSINI GOODRICH & ROSATI P.C. | Hercules Plaza, 6th Floor |
| One Market Plaza | 1313 N. Market Street |
| Spear Tower, Suite 3300 | Wilmington, DE 19801 |
| San Francisco, CA 94105 | Tel: (302) 984-6000 |
| Tel: (415) 947-2000 | dmoore@potteranderson.com |
|  | bpalapura@potteranderson.com |
| Natalie J. Morgan | amoshos@potteranderson.com |
| Emily M. Shingle |  |
| WILSON SONSINI GOODRICH & ROSATI P.C. | *Attorneys for Plaintiffs Azurity* |
| 2235 El Camino Real | *Pharmaceuticals, Inc., Arbor* |
| San Diego, CA 92130 | *Pharmaceuticals, LLC, and Takeda* |
| Tel: (858) 350-2300 | *Pharmaceutical Company Limited* |

Nicholas Halkowski
WILSON SONSINI GOODRICH & ROSATI P.C.
1700 K Street NW
Fifth Floor
Washington, DC 20006
Tel: (202) 973-8800

Mark A. Hayden
WILSON SONSINI GOODRICH & ROSATI P.C.
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Tel: (212) 999-5800

*Attorneys for Plaintiffs Azurity*
*Pharmaceuticals, Inc. and Arbor*
*Pharmaceuticals, LLC*

William F. Cavanaugh, Jr.
Zhiqiang Liu
Basil Williams
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 336-2000

*Attorneys for Plaintiff Takeda Pharmaceutical Company Limited*

Dated: July 2, 2025
12340196 / 24105.00005